IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

JEREMY ALFONZIE JONES,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CV 111-102
(Formerly CR 109-171)

O R D E R

In 2011, Petitioner Jeremy Alfonzie Jones filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. This Court originally dismissed the case; however, the Eleventh Circuit Court of Appeals remanded the case with direction to hold an evidentiary hearing on Petitioner's claim of ineffective assistance of counsel ("IAC") for failure to file a direct appeal. This Court appointed Joshua Joseph Campbell, Esq., to represent Petitioner for purposes of remand. Mr. Campbell represented Petitioner at the evidentiary hearing on February 26, 2015.

On March 20, 2015, the United States Magistrate Judge issued a Report and Recommendation recommending that the IAC claim be denied. On behalf of Petitioner, Mr. Campbell filed timely objections to the Report and Recommendation.

Overruling the objections, this Court adopted the Report and Recommendation on April 16, 2015. Judgment was entered against Petitioner, and the case was closed.

Over nine months later, Petitioner filed a *pro se* motion pursuant to Federal Rule of Civil Procedure 60(b), complaining that he never received a copy of the Judgment. Petitioner therefore moves this Court to grant him relief from the judgment so that he may file a motion for reconsideration and point out "a couple of factual inaccuracies." (Doc. 40, at 3.)

The Court may grant a party relief from a final judgment under Rule 60(b) for "(1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). In this case, Petitioner's motion for relief may have more merit if he had not been represented by counsel. This is because the Clerk of Court does not have an obligation to send a service copy of any Order to a party represented by counsel. Thus, Petitioner has not demonstrated some mistake, inadvertence or neglect warranting vacation of the judgment. Moreover, the Eleventh Circuit has held that a "clerk's failure to provide notice of the entry of a judgment is not itself sufficient grounds for the vacation of that judgment under Rule 60(b)." Tessmer v. Walker, 833 F.2d 925, 926 (11th Cir. 1987).

While Petitioner claims he would like to point out

certain factual inaccuracies, it must be reiterated that he was represented by counsel. His counsel filed thorough objections to the Report and Recommendation, and he capably represented Petitioner during his appointment to the case. When it comes down to it, the United States Magistrate Judge credited Petitioner's trial counsel's unwavering testimony over Petitioner's testimony regarding his request to file an appeal. Petitioner has offered nothing in his motion for reconsideration that could alter that determinative result. Accordingly, there has been no injustice occasioned upon him by the failure to receive a service copy of the judgment.

Upon the foregoing, Petitioner's motion for reconsideration (doc. 40) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 2nd day of August, 2016.

```
_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA
```